UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MID-CENTURY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:24-cv-00099-HAB-JEM |
| vs. | ) ) ) | |
| MID-AMERICA MENTAL HEALTH LLC, CHRISTINE L. REESE, and ELIZABETH MAGEE | ) ) ) ) ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Comes now Plaintiff, Mid-Century Insurance Company, by counsel, and for its Amended Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 201 and Fed. Rule of Civil Procedure 57, states as follows:

### I.   JURISDICTION AND VENUE

1.   Mid-Century Insurance Company (hereinafter "Mid-Century") is an insurance company domiciled in California with its principal place of business located in Woodland Hills, California, and it is duly licensed to do business in the state of Indiana. Mid-Century is a citizen of the state of California.

2.   Mid-America Mental Health LLC ("Mid-America") is an Indiana limited liability company with its principal place of business at 9335 Calumet Ave, Munster Indiana. Its members are Sidarth Singh, who is a resident and citizen of Lake County, Indiana and Shifali Singh who is a resident and citizen of Illinois. Mid-America is a citizen of Indiana and Illinois.

3.   Christine Reese is a resident and citizen of Indiana or Illinois.

1

4. Elizabeth Magee is a resident and citizen of Indiana.

5. The amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Jurisdiction in this Court is based on diversity of citizenship pursuant to 28 U.S.C. § 1332 because Plaintiff, Mid-Century is a citizen of California and defendants are citizens of Indiana or Illinois.

7 Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the majority of Defendants reside in this district and the events giving rise to the action occurred in this district.

## II.  FACTUAL BACKGROUND

8. Reese was an independent contractor working for Mid-America who met with Elizabeth Magee (referred to as "the Underlying Plaintiff") for mental health care counseling sessions at Mid-America.

9. On January 8, 2025, the Underlying Plaintiff filed a Complaint ("the Underlying Complaint") against Reese and Mid-America in the Lake County Superior Court, where it is pending as cause number 45D05-2501-CT-000026.

10. A true and accurate copy of the Underlying Complaint is attached as Exhibit 1 hereto.

11. The Underlying Plaintiff alleges that Reese and Mid-America represented to them that Reese was educated, trained, and licensed as a Doctor of Psychology and that based on those representations she began and continued to see Reese for counseling at Mid-America.

12. The Underlying Plaintiff alleges that she offered intimate details of her life to Reese during numerous sessions over many months only based on the fact that she believed that Reese was educated, trained and licensed as a Doctor of Psychology, which she now understands to be false, and that this has left her with severe emotional distress.

13. Mid-Century issued a Businessowners Liability Policy No. 60662-52-15 ("the Policy") to Mid-America Mental Health, LLC for the period April 11, 2019 to April 11, 2020. The Policy was renewed for the period April 11, 2020 to April 11, 2021 and April 11, 2021 to April 11, 2022 with the same material terms and conditions.

14. A true, accurate and complete copy of the Policy is attached hereto as Exhibit 2.

15. Among others, the Policy contained the following provisions:

**A.     Coverages**
   **1.     Business Liability**
       **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage", "personal injury", or "advertising injury" to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
         **(1)** The amount we will pay for damages is limited as described in Section **D** - Liability And Medical Expenses Limits Of Insurance; and
         **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements or medical expenses.
       No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Coverage Extension – Supplementary Payments.

***

       **b.** This insurance applies:
         **(1)** To "bodily injury" and "property damage" only if:
           **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
           **(b)** The "bodily injury" or "property damage" occurs during the policy period.

3

**(2)** To:
    **(a)** "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;
    **(b)** "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services;
but only if the offense was committed in the "coverage territory" during the policy period.

***

**B.** **Exclusions**
    **1.** **Applicable To Business Liability Coverage**
    This insurance does not apply to:

    **a. Expected Or Intended Injury**
    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

***

    **j. Professional Services**
    "Bodily injury", "property damage", "personal injury" or "advertising injury" due to rendering or failure to render any professional service. This includes but is not limited to:
    **(1)** Legal, accounting or advertising services;
    **(2)** Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;
    **(3)** Supervisory, inspection or engineering services;
    **(4)** Medical, surgical, dental, x-ray or nursing services treatment, advice or instruction;
    **(5)** Any health or therapeutic service treatment, advice or instruction;

***

**C.** **Who Is An Insured**
    **1.** If you are designated in the Declarations as:

***

  **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

***

**2.** Each of the following is also an insured:
  **a.** Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" is an insured for:
  **(1)** "Bodily injury" or "personal injury":

***

  **(d)** Arising out of his or her providing or failing to provide professional health care services. However, if you have "employees" who are pharmacists in your retail druggist or drugstore operation, they are insured with respect to their providing or failing to provide professional health care services; or

***

**F.** **Liability and Medical Expense Definitions**

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

***

**12.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

***

**Businessowners Common Policy Conditions**

***

**H. Other Insurance**

1. If there is other insurance covering the same loss or damage, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance.
2. Business Liability Coverage is excess over any other insurance that insures for direct physical loss or damage.
3. When this insurance is excess, we will have no duty under Business Liability Coverage to defend any claim or "suit" that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so; but we will be entitled to the insured's rights against all those other insurers.

**\*\*\***

### PERSONAL AND ADVERTISING INJURY COVERAGE AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:
BUSINESSOWNERS LIABILITY COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Businessowners Liability Coverage Form apply unless modified by the endorsement.

**A.** Paragraph **1. Business Liability** is amended as follows:
   **a.** Subparagraph **1.a.** is deleted and replaced with the following:
      **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:

   **b.** Subparagraphs **1.b. (2)(a)** and **(b)** are deleted and replaced with the following:
      **(2)** To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

6

**B.** The Subparagraph below Paragraph **B.1.j of Exclusions** is deleted and replaced with the following:

"Bodily injury", "property damage" or "personal and advertising injury" caused by the rendering or failure to render any professional service. This includes but is not limited to:

**C.** Paragraphs **B.1.p and q.** of **Exclusions** are deleted and replaced with following:

    **p.** **Personal And Advertising Injury**
        "Personal and advertising injury":
        **(1)** Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

***

        **(4)** Arising out of a criminal act committed by or at the direction of the insured;

***

**D.** Subparagraph **C.2.a.(1)** of **Who Is An Insured** is deleted and replaced with:
    **(1)** "Bodily Injury" or "personal and advertising injury":

**E.** Subparagraph **D.2.b.** of **Liability And Medical Expenses Limits Of Insurance** is deleted and replaced with:
    **b.** "Personal and advertising injury" sustained by any one person or organization;

**F.** Definitions **1.** "Advertising Injury", **13.** "Personal Injury" and **16.** "Suit" in Section **F. Liability And Medical Expenses Definitions** is amended as follows:

***

**2.** Subparagraph **13.** is deleted and replaced with:
    **13.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
        **a.** False arrest, detention or imprisonment;
        **b**. Malicious prosecution;
        **c**. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

     **d**. Oral or written publication, in any manner, of material that slanders or libels a person or organization of disparages a person's or organization's goods products of services;
     **e**. Oral or written publication, in any manner, of material that violates a person's right of privacy.

***

  16. The Policy contains additional terms, conditions, and language not quoted in this Amended Complaint, the absence of which does not indicate any intent to waive any such terms, conditions or language.

### III. CLAIM FOR DECLARATORY JUDGMENT AGAINST CHRISTINE REESE

  17. Mid-Century incorporates by reference as if fully set forth herein paragraphs 1 to 16.

  18. Reese is not an insured under the Policy because she was not Mid-America's employee, and even if she had been an employee, she is not an insured because the Underlying Plaintiff's alleged injuries arise out of the provision or failure to provide professional health care services.

  19. There is no coverage under the Policy for Reese for the Underlying Plaintiff's claims because there was no occurrence from her standpoint.

  20. There is no coverage under the Policy for Reese for the Underlying Plaintiff's claims because they do not allege "bodily injury," "property damage" or "personal or advertising injury" as those terms are defined in the Policy.

  21. There is no coverage under the Policy for Reese because the Underlying Plaintiff's alleged injuries were expected or intended from her standpoint.

  22. There is no coverage under the Policy for Reese because the Underlying Plaintiff's alleged injuries were caused by Reese with knowledge that her acts would violate their rights.

8

23. There is no coverage under the Policy for Reese because any "personal injury" to the Underlying Plaintiff arose from criminal acts committed by Reese.

24. There is no coverage under the Policy for Reese for the Underlying Plaintiff's alleged injuries because they are due to rendering or failure to render any professional service.

25. An actual controversy has arisen concerning whether there is coverage under the Policy for any liability Reese may have for the claims made by the Underlying Plaintiff in the Underlying Complaint.

WHEREFORE, Plaintiff, Mid-Century Insurance Company, prays for a judgment declaring that:

1. There is no coverage under the Policy for any liability Christine Reese may have for the damages alleged in the Underlying Complaint filed by the Underlying Plaintiff;

2. Mid-Century has no duty to defend Christine Reese in the Underlying Action; and

3. Mid-Century has no duty to indemnify Christine Reese for any liability she may have for the damages alleged in the Underlying Complaint filed by the Underlying Plaintiff;

and for all other relief proper in the premises.

### IV.   CLAIM FOR DECLARATORY JUDGMENT AGAINST MID-AMERICA

26. Mid-Century incorporates by reference as if fully set forth herein paragraphs 1 to 25.

27. There is no coverage under the Policy for Mid-America for the Underlying Plaintiff's claims because there was no occurrence.

28. There is no coverage under the Policy for Mid-America for the Underlying Plaintiff's claims because they do not allege "bodily injury," "property damage" or "personal or advertising injury" as those terms are defined in the Policy.

29. There is no coverage under the Policy for Mid-America because the Underlying Plaintiff's alleged injuries were expected or intended from its standpoint.

30. There is no coverage under the Policy for Mid-America because the Underlying Plaintiff's alleged injuries were caused by Mid-America with knowledge that its acts would violate her rights.

31. There is no coverage under the Policy for Mid-America for the Underlying Plaintiff's alleged injuries because they are due to rendering or failure to render any professional service.

32. An actual controversy has arisen concerning whether there is coverage under the Policy for any liability Mid-America may have for the claims made in the Underlying Complaint filed by the Underlying Plaintiff.

WHEREFORE, Plaintiff, Mid-Century Insurance Company, prays for a declaratory judgment declaring that:

1. There is no coverage under the Policy for any liability Mid-America Mental Health LLC may have for the damages alleged in the Underlying Complaint filed by the Underlying Plaintiff;

2. Mid-Century has no duty to defend Mid-America Mental Health LLC in the Underlying Action; and

3. Mid-Century has no duty to indemnify Mid-America Mental Health LLC for any liability it may have for the damages alleged in the Underlying Complaint filed by the Underlying Plaintiff;

and for all other relief proper in the premises.

Dated: February 18, 2025　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Laura S. Reed*
　　　　　　　　　　　　　　　　　　　Laura S. Reed, Atty. No. 11652-49
　　　　　　　　　　　　　　　　　　　RILEY BENNETT EGLOFF LLP
　　　　　　　　　　　　　　　　　　　500 N. Meridian Street, Suite 550
　　　　　　　　　　　　　　　　　　　Indianapolis, Indiana 46204
　　　　　　　　　　　　　　　　　　　Phone: (317) 636-8000
　　　　　　　　　　　　　　　　　　　Fax: (317) 636-8027
　　　　　　　　　　　　　　　　　　　lreed@rbelaw.com

　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff,*
　　　　　　　　　　　　　　　　　　　*Mid-Century Insurance Company*

4858-8163-7537, v. 3

11